# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| JERMAINE J. WASHINGTON, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CV410-004 |
| AL ST. LAWRENCE, MAJOR McARTHUR HOLMES, RONALD ROGERS, | ) ) ) ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

On February 2, 2010, the Court ordered civil rights plaintiff Jermaine Washington to show cause why his case should not be dismissed for his failure to answer truthfully a question on his civil complaint form. (Doc. 7.) Plaintiff's response is not convincing, and the Court finds that he has failed to show cause for his blatant deception regarding his filing history. This case, therefore, should be dismissed without prejudice and should be deemed to qualify as a strike for purposes of 28 U.S.C. § 1915(g).

Question 1(C) on the civil complaint form asks plaintiff to disclose whether he ever filed an *in forma pauperis* ("IFP") lawsuit in federal court that was dismissed on the ground that it was frivolous, malicious, or failed to state a claim for relief. (Doc. 1 at 2.) Under penalty of perjury, plaintiff checked "no." (*Id.*) Yet, he has had two IFP complaints that were dismissed in such a manner. *Washington v. St. Lawrence*, No. CV499-276 (S.D. Ga. June 8, 2000) (dismissed for failure to state a claim); *Washington v. Blount*, No. CV195-2126 (N.D. Ga. Sept. 25, 1995) (dismissed as frivolous or malicious pursuant to 28 U.S.C. § 1915(d) (1994)).[1] In his response to the show cause order, Washington states that he has no memory of the cases. (Doc. 11 at 1-2.) As to *Washington v. St. Lawrence*, he states that he does "not at all remember filing a lawsuit in that year because [he] was on [his] way to prison in that timeframe." (*Id.* at 1.) He offers no specific showing as to the second case, *Washington v. Blount*, but he avers that he has no memory

---

[1] The docket sheet shows a § 1915(d) dismissal, but the order dismissing the case is not available electronically. In any event, the 1994 and 1995 versions of § 1915(d) only permitted a court to dismiss an action "if satisfied that the action is frivolous or malicious." 28 U.S.C. § 1915 (1994).

of the suit.[2] (*Id.*) He suggests that he has a poor memory, noting that he does not "even remember the year . . . that [his] medical symptoms came back HIV positive." (*Id.*) He recalls, however, that he saved a prison nurse's life in 2000 at Autry State Prison, he was "jumped" in 2002 by another inmate at Calhoun State Prison, and he was attacked in 2005 by Officer Ronald Rogers at the Chatham County Jail. (*Id.* at 2.) He states that "those are just a few incidents that have occurred in my life within the past (10) years. I could go on, but I don't want the courts to think that I'm trying to make excuses for my actions." (*Id.*) His selective memory indicates deception -- while he may not have recalled the specifics of the actions, the Court is simply not persuaded that he has no memory whatsoever of filing two separate lawsuits that were dismissed as legally insufficient.

As mentioned in the Court's show cause order, Rule 11(b) of the Federal Rules of Civil Procedure "forbids lying in pleadings, motions, and other papers filed with the court." *Zocaras v. Castro*, 465 F.3d 479, 484

---

[2] In that case, he filed suit against the Gwinnett County Correctional Institution warden, Sandra Blount, and a criminal records check on the Westlaw database shows that Washington was detained in the Gwinnett County Correctional Institution at the time the suit was filed.

3

(11th Cir. 2006). And "Rule 11(c) provides for sanctions concerning misrepresentations made in papers filed with the court under Rule 11(b)." *Id.* at 490; *see also* 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1335 (3d ed. 2004) (noting that courts have deemed sanctions appropriate to punish various forms of party misconduct). Rule 41(b) "expressly authorizes the involuntary dismissal of a claim for plaintiff's failure to abide by . . . the Federal Rules of Civil Procedure." *Zocaras*, 465 F.3d at 490; *State Exch. Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982). In addition, "the power of a court to dismiss a claim is inherent in a trial court's authority to enforce its orders and ensure prompt disposition of legal actions." *Zocaras*, 465 F.3d at 490; *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-631 (1962); *Hartline*, 693 F.2d at 1352. The Eleventh Circuit has indicated its approval of dismissing a case based on dishonesty in a complaint.

Plaintiff's explanation for failing to disclose his federal filing history is just a plain fabrication. Even if he could not recall the details of his prior suits, he certainly would have remembered initiating some sort of legal proceedings during his incarceration, and he was obligated to

disclose that fact on his form complaint. Given his dishonesty, this case should be **DISMISSED** without prejudice. *See Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (district court did not abuse its discretion by dismissing an action without prejudice where plaintiff "had lied under penalty of perjury about the existence of a prior lawsuit"), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *Williams v. Brown*, No. CV607-045 (S.D. Ga. Oct. 1, 2008) (complaint dismissed for plaintiff's "clear and persistent pattern of deceit in his court filings"); *Gillilan v. Walker*, No. CV106-184, 2007 WL 842020 at *1 (S.D. Ga. Mar. 15, 2007) (dismissing action without prejudice where plaintiff abused the judicial process by providing dishonest information about his prior filing history).

Plaintiff is advised that there is a price to be paid for those who endeavor to mislead a court, even as to a non-material matter. This time, the consequence is dismissal of the complaint without prejudice (and the incurring of a "strike" pursuant to § 1915(g)).[3] The next time,

---

[3] In *Rivera*, the Eleventh Circuit found that a dismissal of a lawsuit for lying "under penalty of perjury about the existence of a prior lawsuit" properly counts as a "strike." 144 F.3d at 731. "[D]ismissal for [such an] abuse of the judicial process is precisely the type of strike that Congress envisioned when drafting section 1915(g)." *Id.*

5

plaintiff may face more serious sanctions, including not only the dismissal of his action with prejudice, but the imposition of monetary penalties that must be paid prior to the filing of any additional suits. Further, in an appropriate case, the Court may refer any deliberate misstatements made under penalty of perjury to the United States Attorney for criminal prosecution. *See United States v. Dickerson*, No. CR608-036 (S.D. Ga. Dec. 1, 2009) (defendant convicted of perjury for making false statement in 28 U.S.C. § 2255 motion).

**SO REPORTED AND RECOMMENDED** this  12th  day of February, 2010.

> /s/ _____
> UNITED STATES MAGISTRATE JUDGE
> SOUTHERN DISTRICT of GEORGIA